Van Brunt, P. J.
In 1872, in South Carolina, a judgment was obtained against the plaintiff- and others by one Wagner. Subsequently, in 1872, Wagner brought an action in this court against the said plaintiff and others upon said judgment, of which the defendant herein, Sanders, was the equitable owner. The plaintiff herein appeared and made answer on oath denying that the court had ever obtained^ jurisdiction. Thereupon the defendant herein entered into a compromise with the plaintiff, agreeing to accept $500 in settlement of said judgment, and to execute a bond indemnifying him against all claims set forth in the complaint and supplemental complaint, in said action in this court, and also against all costs and damages which the plaintiff herein might be compelled to pay by reason of such action or claims upon which the same is based. The defendant herein claiming that said settlement was induced by fraud, commenced an action to recover the balance due on the judgment in question and his complaint was dismissed on the trial, with costs and an extra allowance, which costs and extra allowance have been paid. The plaintiff then brought this action for the expenses for legal services alleged to have been incurred by him in said action in addition to the costs recovered and paid herein. The learned judge having charged the jury that the defendant thereby agreed (referring to the bond of indemnity) to protect Thomson from all damages which he might pay or be compelled to pay by reason of a claim growing out of the judgment first taken in South Carolina, and also having charged that the defendant undertook and agreed to protect Thomson from any claim that might be made against him by Sanders himself, it is claimed erroneously instructed the jury.
It is urged in support of this objection that by the language of the bond the plaintiff was indemnified only against all claims set up by Wagner as the owner and claimant of said judgment in the action therein mentioned, and against all costs and damages the plaintiff might be compelled to pay by reason of said action or claims as such owner and judgment creditor. It is to be observed that the bond in question is general in its terms. The condition of the obligation is that the obligor should indemnify and save harmless the plaintiff against all claims arising from the judgment, and also against all costs and damages which the *455 plaintiff might be compelled to pay by reason of such claims. There is no restriction of this condition to any person or persons. At the time that this bond was given the defendant claimed to be the holder of the judgment, and the bond was given to protect the plaintiff in this action against all claims arising upon said judgment. By its terms, being restricted to claims founded upon said judgment presented by no particular person, the condition was as applicable to . the defendant herein as it was to the plaintiff in the suit; and it is impossible for the court to say that it was the intention of the parties to exclude the defendant from its terms. Whatever claim was presented in the action brought by the defendant herein, grew out of the judgment, was founded upon the judgment and was an attempt to enforce the judgment, which was the claim set forth in the complaint and supplemental complaint indemnified against.
The next question is that the counsel fees incurred in the resistance of the action do not come within the condition of the bond, that the words, costs and damages referred to costs strictly and legally speaking; and that the plaintiff has not been “compelled” in the legal sense of the term and as it was used in the bond with reference to the existing action, to pay any costs and damages by reason thereof or of the claim upon which it was based. But this seems to be altogether too limited a construction of the condition of this bond. It does not seem that it was intended to restrict the protection of this bond simply to any recovery which might be had upon the South Carolina judgment but rather to save the plaintiff harmless from any claims which might be asserted having that judgment for a basis. It is well settled that upon an undertaking to pay all costs and damages which might be sustained by reason of the issuing of an attachment, that counsel fees in procuring the discharge of the attachment may be recovered under such an undertaking. The same has been held in reference to undertakings upon injunctions; a part of the damages sustained are the counsel fees which the party is required to pay in defending the injunction. So in the case at bar, the bond of indemnity is against all costs and damages which the party may be compelled to pay by reason of the judgment upon which the action was based. The expenses of defending such an action are certainly part of the damages which the obligee sustained by reason of the breach of the condition of the bond. It is true that in the cases cited by the appellant’s counsel other and different language was used where an indemnity for counsel fees has been upheld; but no case has been presented and no principle has been suggested which would call for a different interpretation of the condition of this bond than that which has been given *456 to similar language in undertakings upon injunctions and attachments. Counsel fees are part of the damage which the party sustains, and is compelled to pay by reason of the breach of the condition of the bond; and the bond indemnifies the obligee against all costs and damages which he might be compelled to pay by reason of the action or the judgment upon which the action was founded.
The only remaining question relates to the offer of the defendant to prove that the bond on which the plaintiff based his claim was procured by misrepresentation and fraud and was therefore void, and the refusal of the court to allow the admission of proof to establish the counterclaim set up in the answer, and for which the defendant asked affirmative relief. It is sufficient to say that both the allegations in the answer and the proof upon the trial showed precisely the same condition of affairs as had existed at the time that the defendant’s suit upon the judgment was dismissed, where the same facts were set up, namely, that the defendant had received $500 upon the settlement of that suit and had never returned or offered to return the same. Under those circumstances it was impossible for the defendant to succeed in setting aside that settlement for the simple reason that he could not retain the fruits of the settlement, and repudiate its obligations.
There does not seem to have been any error committed on the trial and the judgment and order should be affirmed,, with costs.
Brady and Daniels, JJ., concur.